IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ANTHONY TURNER,

      Petitioner,

v.                                   CIVIL ACTION NO. 3:07cv59
                                        (Judge Bailey)

THOMAS McBRIDE, Warden,

      Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On April 25, 2007, *pro se* petitioner, John Turner [hereinafter referred to as "Turner"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of West Virginia. By Order entered April 30, 2007, the case was transferred to this Court and the file was received on May 9, 2007.[1] On June 4, 2007, his Application to Proceed *in forma pauperis* was granted. This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

---

[1] A §2254 petition may be filed in either the district court for the district where the applicant is in custody or in the district court for the district within which the State court was held which convicted and sentenced the applicant, and each of such district courts shall have concurrent jurisdiction. The district court wherein the application is filed may transfer the application to the other district court for hearing and determination. See 28 U.S.C. § 2241(d).

## II. FACTS

### A. <u>Conviction</u>

On April 12, 1981, Turner was arrested for burglary in Mineral County. The case was assigned as case number 81-F-56. On June 12, 1981, Turner pleaded guilty to Count II of the indictment, Felony Housebreaking, and the state agreed to dismiss the remaining counts. Turner was then placed at the Huttonsville Correctional Center for an evaluation and sentencing was postponed until the evaluation's conclusion. On August 12, 1981, upon completion of Turner's sixty-day evaluation, the Circuit Court of Mineral County sentenced him to one to ten years in the penitentiary, but then suspended the sentence and placed him in the Anthony Center for Youthful Offenders for a period of time not to exceed two years.

On August 4, 1982, the Anthony Center returned Turner to the custody of the Mineral County Sheriff's Department because he was deemed unfit to complete the Anthony Center's program. On August 19, 1982, the Circuit Court suspended Turner's sentence of one to ten years in the penitentiary, released him from custody, and placed him on probation.

On January 20, 1983, Turner was arrested for the felony offenses of Burglary, Aggravated Robbery, and Sexual Assault in the First Degree. This case was also in Mineral County and was assigned as case number 83-F-26. Due to Turner's arrest, the prosecuting attorney filed a petition for revocation of his probation stemming from his 81-F-56 case. After another psychological examination was ordered and conducted, Turner was adjudicated a probation violator. On September 27, 1983, the Circuit Court reinstated the Turner's original one to ten year sentence in case number 81-F-56 and ordered it served in the penitentiary.

On October 13, 1983, Turner entered pleas in his 83-F-26 case. He pleaded guilty to the felony offenses of Burglary and Aggravated Robbery, and entered a plea of *Nolo Contendre* to the

felony offense of Sexual Abuse in the First Degree. On October 31, 1983, the Circuit Court sentenced Turner to not less than one nor more than ten years for his conviction of Sexual Abuse in the First Degree, a term of not less than one nor more than twenty years for his burglary conviction, and twenty-one years for the Aggravated Robbery conviction. All sentences were to run consecutive with each other and consecutive to the not less than one nor more than ten year sentence in case number 81-F-36.
(Dckt. 6-4).

## B. State Habeas Corpus

Turner filed a writ of habeas corpus in the West Virginia Supreme Court on August 12, 1984, alleging ineffective assistance of counsel, an illegal sentence, and an involuntary plea. On March 1, 2005, the West Virginia Supreme Court concluded it was error for the circuit court to enhance more than one of the convictions returned against the defendant. Because the error occurred only in the enhancement portion of the sentencing, Turner was found not to be entitled to release or retrial. Instead, a moulded writ was entered directing the circuit court to vacate one of the enhancements. Turner v. Holland, 175 W.Va. 202, 332 S.E.2d 164 (W.Va. 1985).

On July 15, 1985, pursuant to the directive of the West Virginia Supreme Court of Appeals, the Circuit Court of Mineral County entered an order correcting the sentence on Turner's conviction of Sexual Assault in the First Degree to a term of not less than one nor more than five years. In addition, the Circuit Court amended the robbery sentence from twenty-one years to sixteen years.

In addition to filing a petition for writ of habeas corpus in the West Virginia Supreme Court, Turner filed a petition for post conviction habeas corpus on February 4, 2004, in the Circuit Court of Mineral County. Turner raised the following grounds for relief:

1. The Trial Court erred in failing to give him credit for all time served under Case No. 81-F-56.
2. He was denied his right to appeal his 81-F-56 case.
3. His plea of guilty was not freely, voluntarily and knowingly given and without a factual basis to support the plea in his 81-F-56 case.
4. He was not provided a complete copy of all hearing transcripts and plea agreements and therefore could not appropriately prepare for an appeal or habeas.
5. He was denied his right to appeal his 83-F-26 case.
6. He was denied a recidivist hearing before he was sentenced in his 83-F-26 case.
7. His plea of guilty was not freely, voluntarily, and knowingly given and without a factual basis to support the plea in his 83-F-26 case.
8. He was not given a reconsideration hearing.

By Order entered October 6, 2006, the Circuit Court of Mineral County denied the petition, and on March 15, 2007, the West Virginia Supreme Court of Appeals denied Turner's petition for appeal of this ruling.

### C. Federal Habeas Corpus

In his petition to this court, Turner raises the following grounds which he claims demonstrate that he is being held in violation of the Constitution, laws, or treaties of the United States:

1. He was denied pre-sentence credits.
2. His attorney failed to file an appeal of his conviction in Case No. 83-F-26.
3. His guilty plea was not freely, voluntarily, and knowingly given and was without factual basis.
4. He was not provided with trial transcripts and sentencing transcripts were missing.
5. He was denied a recidivist hearing.
6. He was not given a reconsideration hearing on his motion regarding an illegal sentence.

### D. Recommendation

As discussed below, it is recommend that the petition be denied as untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The limitations period under 28 U.S.C. § 2244 is an affirmative defense. However, a district court has the power to raise the limitations defense of § 2244 *sua sponte*. Hill v. Braxton, supra. When a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely, and the state has not filed a motion to dismiss based on the one-year statute of limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to

§ 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Id. at 707.

Turner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which Turner's judgment became final is relevant in determining the statute of limitations.

Turner's first sentence was on August 12, 1981, and his second sentence was on October 31, 1983. Because he did not appeal his convictions, they became final when the time for filing an appeal with the West Virginia Supreme Court of Appeals expired. Because both convictions became final before the enactment of the ADEPA in 1996, the one-year limitation period imposed by the Act began to run on April 24, 1996, the effective date of the Act. See Brown v. Angelone, 150 F.w3d 370, 375 (4th Cir. 1998). Thus, for Turner, the one-year limitation period imposed by § 2244(d) commenced on April 24, 1996 and expired on April 25, 1997, because no intervening state post-conviction review suspended the running of the one-year limitation period.

It is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).[2] Therefore, there is no duty to warn Turner prior to entry of this Report and Recommendation.

---

[2] Turner's argument that the AEDPA does not apply to his case because it was enacted long after he was convicted is clearly without merit. Furthermore, although he alleges that the sentencing court denied him his right to receive his trial transcripts until February 2, 2004, the exhibits submitted with his petition establish that he had, in fact, received timely copies of his entire record. (Dckt.. 6-3, p. 24).

## V. RECOMMENDATION

It is recommended that the petition Turner filed pursuant to 28 U.S.C. §2254 be **DENIED and DISMISSED WITH PREJUDICE** because it is untimely. In addition, the undersigned recommends that the petitioner's Motion to have Habeas Corpus Petition forwarded to Attorney General for Response (Dckt. 13) be **DENIED as MOOT.**

Any party may file, within ten (10) days after being served with a copy of this Report and Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

Dated: August 9, 2007.

    /s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**