# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JOHN ANTHONY TURNER,**

      Petitioner,

v.                                  **CIVIL ACTION NO. 3:07-CV-59**
                                        **(BAILEY)**

**THOMAS McBRIDE, Warden,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on August 9, 2007 [Doc. 16]. In that filing, the magistrate judge recommended that this Court deny petitioner's application under 28 U.S.C. § 2254 as untimely and to remove it from the Court's docket.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***,

727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due by August 23, 2007, within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections [Doc. 18] on August 22, 2007. The petitioner proffers six objections to the R & R, which are addressed below. Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); **Hill v. Braxton**, 277 F.3d 701 (4th Cir. 2002); **Harris v. Hutchinson**, 209 F.3d 325 (4th Cir. 2000).

The limitations period under 28 U.S.C. § 2244 is an affirmative defense. However, a district court has the power to raise the limitations defense of § 2244 sua sponte. **Hill v. Braxton**, *supra*. When a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely, and the state has not filed a motion to dismiss based on the one-year statute of limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Id. at 707. Therefore, the petitioner's claim of ineffective assistance of counsel must be denied.

In his objections, Turner argues that the AEDPA does not apply to his petition because it did not go into effect until after his conviction. Turner's argument that the AEDPA does not apply to his case is clearly without merit. Furthermore, although he alleges that the sentencing court denied him his right to receive his trial transcripts until February 2, 2004, the exhibits submitted with his petition establish that he had, in fact, received timely copies of his entire record. (Dckt. 6-3, p. 24).

Turner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which Turner's judgment became final is relevant in determining the statute of limitations.

Turner's first sentence was on August 12, 1981, and his second sentence was on October 31, 1983. Because he did not appeal his convictions, they became final when the time for filing an appeal with the West Virginia Supreme Court of Appeals expired. Because both convictions became final before the enactment of the ADEPA in 1996, the one-year limitation period imposed by the Act began to run on April 24, 1996, the effective date of the Act. *See* **Brown v. Angelone**, 150 F.w3d 370, 375 (4th Cir. 1998). Thus, for Turner, the one-year limitation period imposed by § 2244(d) commenced on April 24, 1996 and expired on April 25, 1997, because no intervening state post-conviction review suspended the running of the one-year limitation period.

It is undisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Therefore, there is no duty to warn Turner prior to entry of the Report and Recommendation.

Next, the petitioner claims his Rule 11 rights concerning his guilty pleas were violated because they were involuntary, unknowing, and without factual basis. Again, the one-year limitation period has expired, and these claims must be dismissed. Further, this claim has no basis. Additionally, for the same reasons, the petitioner's two remaining objections are denied.

Therefore, upon careful review of the R & R, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation [Doc. 16] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Court hereby **DISMISSES** the petitioner's application under 28 U.S.C. § 2254 [Doc. 6, Attachment #1] and **ORDERS it STRICKEN** from the active docket of this

Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record, and the *pro se* petitioner.

**DATED**: October 17, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE